UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE AMANDA SCHURMAN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, PIERRE WOMEN'S PRISON; AND SOUTH DAKOTA ATTORNEY GENERAL,<br><br>Respondents. | 4:20-CV-04140-KES<br><br><br>ORDER FOR SERVICE<br>AND<br>TO SHOW CAUSE |

Petitioner, Stephanie Amanda Schurman, an inmate at the Pierre Women's Prison in Pierre, South Dakota, has filed a state habeas petition under 28 U.S.C. § 2254. See Docket No. 1. Ms. Schurman was convicted of unauthorized possession of a controlled substance-methamphetamine in South Dakota state court and sentenced on May 26, 2020, to five years' imprisonment with two years suspended. See Docket No. 1, p. 1. Her direct appeal was denied by the South Dakota Supreme Court on July 9, 2020. See Docket No. 1, p. 2. She has not filed a state habeas petition. See Docket No. 1, p. 3.

There are a number of procedural rules that apply to an application for habeas relief by a state prisoner under § 2254. Chief among them is the doctrine of state court exhaustion, which limits federal habeas review of state court convictions as follows:.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

>> (A) the applicant has exhausted the remedies available in the courts of the state; or
>> (B) (i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c). The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).  The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court.  Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level.  See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.  The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context.  Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992).  "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding."  Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Ms. Schurman admits she has not yet filed a state habeas petition.  See Docket No. 1, p. 3.  Several of her claims involve allegations of ineffective assistance of counsel, which the South Dakota Supreme Court generally will not address in a direct criminal appeal.  Accordingly, it would appear some or all of the claims Ms. Schurman has presented to this court have not been

presented and fully adjudicated in state circuit court and the South Dakota Supreme Court.

Based upon the record,

IT IS ORDERED

(1) that the Clerk of Court is directed to serve upon the respondent and the Attorney General of the State of South Dakota a copy of document number 1 and this order;

(2) that respondent will file and serve a response to the petition within thirty (30) days after receipt of this order. Respondent shall also file the complete state court records in Ms. Schurman's state court case, as well as any and all state habeas cases.

IT IS FURTHER ORDERED that both respondent and Ms. Schurman shall show cause no later than November 6, 2020, why Ms. Schurman's petition should not be dismissed without prejudice for failure to present her claims to the state courts first and to exhaust her remedies before the circuit and supreme courts of the state of South Dakota.

**Ms. Schurman is notified that failure to respond to the above order to show cause may result in dismissal of her petition in this court.**

DATED this 5th day of October, 2020.

BY THE COURT:

_Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge